# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CASSANDRA FAIRBANKS, an individual,  )
9011 Manchester Road  )
Silver Spring, MD 20901  )    Civil Action No.: 1:17-cv-1052
  )
      Plaintiff,  )    **(Jury Trial Demanded)**
  )
    v.  )
  )
EMMA ROLLER, an individual,  )
633 Orleans PL, NE  )
Apt A  )
Washington, DC 20002-3443  )
  )
      Defendant.  )

## COMPLAINT

A reporter (Emma Roller, a reporter for Fusion) with a loud megaphone to the world and a prominent platform from which to use it, defamed another writer, commentator and journalist. Even when others corrected the defamation, Roller refused until the eve of this suit. This suit follows.

## INTRODUCTION

Many members of prominent media organizations see themselves as the exclusive arbiters of truth. Protecting their self-declared monopoly, many of these "journalists" use their perch of public influence to defame, slander and libel those they disagree with politically and ideologically. They see the First Amendment as a sword, not a shield; they view the First Amendment as only protecting those with elites on their rolodex, and view the First Amendment as a wholly owned property of elite-backed journalists to smear and slime their adversaries at will with libels and defamation. In fact, the First Amendment's foundations rest on the cornerstones of independent, outsider writers, scribes, advocates and journalists, from Thomas

Paine to Thomas Jefferson, almost always resisted by the establishment courtiers of, and courtesans to, the truth-corrupted power of their day. The First Amendment is meant to protect the Cassandra Fairbanks' of the journalism world: independent, alternative voices of truth in a sea of fake news. It is in this context that this suit arises.

Emma Roller, of Fusion, told the world that Fairbanks flashed a "white power" signal to the world from the media center of the White House. Roller went further, factually telling the world this "white power" signal had been identified as such by the Anti-Defamation League. What was this "white power" signal? The "ok" hand signal. Within days of this false story by Roller — spread to the world through her twitter account, and then throughout the internet — the ADL itself denounced this claim as a "hoax" noting that the "ok" sign had "never" been a white power signal. Did Roller correct her defamation of Cassandra Fairbanks? No. Instead, on the eve of learning of this lawsuit, Roller deleted the tweet, and tried to destroy the evidence of her saying what she said, and doing what she did. This suit followed.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity exists and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over the Defendant because the false and defamatory statement made by Defendant was published in the District of Columbia and the Defendant resides within the District of Columbia.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the District of Columbia, including the publication of the defamatory falsehood and damage to Plaintiff's reputation.

## THE PARTIES

4. Plaintiff Cassandra Fairbanks is a reporter for Bigleaguepolitics.com, a political activist, and a resident of the State of Maryland.

5.     Defendant Emma Roller is a senior politics reporter at Fusion.net and a resident of the

District of Columbia. Defendant has a Twitter.com following of approximately 23,000

people.

**<u>STATEMENT OF FACTS</u>**

6.     On April 28, 2017, Defendant Emma Roller published a photo via her Twitter account of

the Plaintiff under a caption Roller wrote: "just two people doing a white power hand

gesture in the White House."

7.     On April 28, 2017, Roller further published a claim that the Anti-Defamation League

("ADL") identified Fairbanks' hand signal as a two-handed hand sign wherein one hand

forms a letter "W" and the other hand forms a letter "P," to represent "WP" or "White

Power."

8.     On April 28, 2017, and in the days thereafter, Roller's post was republished across the

web, re-shared by other Twitter users at least 6,827 times, received at least 7,169 "likes"

from other Twitter users, and the story was picked up by major news outlets including

The Independent.

9.     Roller's story led to republishing of the story across the world, as a leading article on

Yahoo, and pervaded the social media press. Of note, no serious publication in America

republished the false story by Roller, and Fusion itself refused to publish the false story

by its own reporter.

10.    The ADL rebuked Roller's claim a few days later, publishing an article on May 1, 2017,

making clear they had never called the hand signal used by Fairbanks (the "OK" gesture)

as a white power symbol. Despite this, Roller failed to issue a retraction or correction.

11.    Roller knew at the time of her publishing that Fairbanks was a long-time civil rights

writer, journalist, and advocate, who backed Trump's candidate for the Presidency only

also after protesting civil rights violations against a wide range of citizens, including

women and African-Americans, and had previously backed Bernie Sanders presidential

bid. Roller knew Fairbanks was not using "white power" signals before she published her false stories on April 28, 2017.

12.     Roller knew her story was false when the ADL rebuked the very basis of her claims, yet Roller still refused to retract or correct the story at any time. Instead, upon the eve of filing suit, Roller tried to erase her tracks, deleting her published stories about this, and yet not correcting anything for the world to know the truth.

## COUNT I: DEFAMATION (LIBEL)

13.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.     Defendant wrote and published on her Twitter page the defamatory caption over Plaintiff's photo falsely accusing Plaintiff of making a white power hand gesture.

15.     Defendant published the caption without privilege and without Plaintiff's consent.

16.     The serious nature of the allegation that Plaintiff made a white power hand gesture should have heightened Defendant's due diligence in confirming the veracity of the claim before publishing the caption. Defendant acted with actual malice when she published the caption either with actual knowledge that the caption was not true or with reckless disregard as to its truth. At a minimum, Defendant failed to exercise reasonable care when she published such a serious allegation against the Plaintiff.

17.     By falsely claiming that the Plaintiff made a white power hand gesture, the Defendant insinuated that the Plaintiff held white supremacist beliefs and has proximately caused injury to Plaintiff's professional reputation and credibility. Specifically, the caption has caused Plaintiff to suffer in the following manner:

        a.   Damage to her personal and professional reputation in the United States, and worldwide;

        b.   Damage to her business opportunities in the United States, and worldwide;

    c.  A false implication and innuendo attached to her reputation, one won on civil rights advocacy for more than a decade, that she holds white supremacist beliefs;

    d.  Being subjected to unwanted negative media attention and online harassment.

18.    Even after the Plaintiff informed the Defendant in writing that she did not make a white power hand gesture, the Defendant failed to retract the caption.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant, issue injunctive relief, including that Defendant issue a retraction, issue declaratory relief, that the Defendant declare that her statement was in fact defamation, monetary relief in an amount to be determined at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## COUNT II: FALSE LIGHT INVASION OF PRIVACY

19.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this Complaint as if fully set forth herein.

20.    Defendant wrote and published on her Twitter page the defamatory caption over Plaintiff's photo falsely accusing Plaintiff of making a white power hand gesture and falsely insinuating that Plaintiff held white supremacist beliefs.

21.    As soon as Defendant published the caption it immediately became accessible to the entire Internet, to Defendant's approximately 23,000 followers, was re-shared by other Twitter users at least 6,827 times, received at least 7,169 "likes" from other Twitter users, and the story was picked up by major news outlets including Fox News and United Kingdom based magazine The Independent, with the article published by Independent being shared at least 20,000 times.

22.    The caption contains a false and defamatory allegation about the Plaintiff that insinuates that the Plaintiff holds beliefs she does not hold and that has the effect of placing Plaintiff in a false light, specifically, that she is a white supremacist. Such false light is highly offensive to a reasonable person.

23.    Defendant published the caption without privilege and without Plaintiff's consent.

24.    The serious nature of the allegation that Plaintiff made a white power hand gesture should have heightened Defendant's due diligence in confirming the veracity of the claim before publishing the caption. Defendant acted with actual malice when she published the caption either with actual knowledge that the caption was not true or with reckless disregard as to its truth. At a minimum, Defendant failed to exercise reasonable care when she published such a serious allegation against the Plaintiff.

25.    Even after the Plaintiff informed the Defendant in writing that she did not make a white power hand gesture, the Defendant failed to retract the caption.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant, issue injunctive relief, including that Defendant issue a retraction, issue declaratory relief, that the Defendant declare that her statement was in fact defamation, monetary relief in an amount to be determined at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL HARM

26.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this Complaint as if fully set forth herein.

27.    Defendant's choice to write and publish on her Twitter page the defamatory caption over Plaintiff's photo falsely accusing Plaintiff of making a white power hand gesture and falsely insinuating that Plaintiff held white supremacist beliefs occurred intentionally and with a desire to harm Plaintiff.

28.    How Defendant sought to harm Plaintiff, including the publication of a false and defamatory statement about Plaintiff to a worldwide audience, was extreme and outrageous.

29.    Because of the actions of Defendant, including the resulting mass harassment campaign experienced by Plaintiff, Plaintiff has experienced extreme emotional distress.

30.     Because of the actions of Defendant, the character and reputation of Plaintiff were
        harmed, her standing and reputation among the community were impaired, she suffered
        financially, and she experienced undue and unnecessary stress.

        WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor
and against the Defendant, issue injunctive relief, including that Defendant issue a retraction,
issue declaratory relief, that the Defendant declare that her statement was in fact defamation,
monetary relief in an amount to be determined at trial, pre-judgment interest, and grant such
other further relief that the Court deems appropriate.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this
        Complaint as if fully set forth herein.

32.     Defendant's choice to write and publish on her Twitter page the defamatory caption over
        Plaintiff's photo falsely accusing Plaintiff of making a white power hand gesture and
        falsely insinuating that Plaintiff held white supremacist beliefs occurred as result of
        Defendant's negligence.

33.     The manner by which Defendant sought to harm Plaintiff, including the publication of a
        false and defamatory statement about Plaintiff to a worldwide audience, was extreme and
        outrageous.

34.     Because of the actions of Defendant, including the resulting mass harassment campaign
        experienced by Plaintiff, Plaintiff has experienced extreme emotional distress.

35.     Because of the actions of Defendant, the character and reputation of Plaintiff were
        harmed, her standing and reputation among the community were impaired, she suffered
        financially, and she suffered mental anguish and personal humiliation.

        WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor
and against the Defendant, issue injunctive relief, including that Defendant issue a retraction,
issue declaratory relief, that the Defendant declare that her statement was in fact defamation,

monetary relief in an amount to be determined at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Cassandra Fairbanks respectfully prays for judgment as follows:

A.      For injunctive relief requiring Defendant to publish a retraction stating that Plaintiff did not make a white power hand gesture in her photo published on April 28, 2017, and that Plaintiff does not hold white supremacist views;

B.      For declaratory relief requiring Defendant declare that her statement claiming Plaintiff made a white power hand gesture was in fact defamation;

C.      For monetary relief in an amount of at least $100,000.00, or in an amount to be determined at trial;

D.      For prejudgment interest as allowed by law;

E.      For costs of suit incurred herein;

F.      For reasonable attorney's fees; and

For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: June 1, 2017                    Respectfully submitted,
                                       Cassandra Fairbanks
                                       By Counsel


                                       /s/ Robert E. Barnes
                                       Robert E. Barnes, Esq.
                                       (*Pro hac vice admission to be sought*)
                                       BARNES LAW
                                       601 South Figueroa Street, Suite 4050
                                       Los Angeles, California 90017
                                       Telephone:  (310) 510-6211
                                       Facsimile:  (310) 510-6225
                                       E-mail:   robertbarnes@barneslawllp.com


                                       / s / Daniel D. Mauler
                                       Daniel D. Mauler (D.C. Bar No. 977757)
                                       REDMON, PEYTON & BRASWELL, LLP
                                       510 King Street, Suite 301
                                       Alexandria, Virginia 22314
                                       703-684-2000 (Tel)
                                       703-684-5109 (Fax)
                                       dmauler@rpb-law.com

                                       *Counsel for Plaintiff Cassandra Fairbanks*